IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiff, | |
| v. | Case No. 3:23-cr-00043-SLG-KFR |
| LEVERON MOORE, | |
| Defendant. | |

**AMENDED PRETRIAL AND TRIAL SCHEDULING ORDER**

1. **Pretrial and Trial Deadlines**

This case is set for Trial on **March 25, 2024**, in Anchorage Courtroom 2 before Judge Sharon L. Gleason. The trial is expected to take approximately **7 days**. The Court hereby establishes the following deadlines:[1]

| DATE | EVENT |
|---|---|
| **January 8, 2024** | File Dispositive Motions |
| **January 8, 2024** | Government's Expert Disclosure |
| **February 5, 2024** | Defense Expert Disclosure |
| **March 4, 2024** | File Motions *in limine* |

---

[1] *See* District of Alaska Local Civil Rules and District of Alaska Local Criminal Rule 1.1(b).

| | |
|---|---|
| **March 4, 2024** | File 404(b) Notice<br><br>Parties to meet and confer on Preliminary Statement, Voir Dire, Jury Instructions, Jury Questionnaire, and Verdict Form |
| **March 11, 2024** | File Responses to Motions *in limine*<br><br>File Trial Brief<br><br>Exhibit Exchange/Copy to Court<br><br>File Proposed Jury Materials |
| **March 14, 2024,** at **2:30 p.m.** in Anchorage Courtroom 2 | Final Pretrial/Jury Instructions Conference |
| **March 18, 2024** | File Trial Exhibit List<br><br>File Trial Stipulations |
| **March 25, 2024,** at **8:30 a.m.** in Anchorage Courtroom 2 | Trial by Jury |

The deadlines in this order are firm. This order may be modified only for good cause shown and with the consent of the Court. *See* **Rule 12(c)(2), Federal Rules of Criminal Procedure.**

2. **Case Management**

a. <u>Pretrial Motions</u>. *See* Local Criminal Rule 47.1(c) and the Magistrate Court's Discovery Management Conference Order. Parties seeking an evidentiary hearing on any pretrial motion must so indicate and must provide the Court with the legal authorities and argument to support such a request. Pretrial matters assigned to the United States Magistrate Judge shall be resolved in accordance with the Speedy Trial Act, and in general no later than the deadline for the parties to file motions *in limine*. Any unresolved pretrial matters shall be called to the trial judge's attention no later than at the Final Pretrial/Jury Instructions Conference.

b. <u>Pretrial Discovery</u>. The parties shall comply with the discovery deadlines ordered by the Magistrate Court at the Discovery Management Conference (DMC), and in any subsequent orders. **Failure to comply with the discovery rules and deadlines may result in a continuance, the exclusion of evidence, or any other order that is just under the circumstances.** *See* **Rule 16(d)(2), Federal Rules of Criminal Procedure.**

The parties are encouraged to provide reciprocal Jencks Act disclosures at the earliest possible date.

c. <u>Trial Documents</u>.

i. *Trial Briefs*: Counsel for each party shall file with the Court, *ex parte* if necessary, a trial brief. A complete trial brief includes: (1) a statement of the facts; (2) a complete discussion of the

Case No. 3:23-cr-00043-SLG-KFR, *USA v. Moore*
Amended Pretrial and Trial Scheduling Order
Page 3 of 7
Case 3:23-cr-00043-SLG-KFR   Document 33   Filed 10/11/23   Page 3 of 7

controlling law together with specific citations of statutes and case law; and (3) a discussion of any evidentiary issues likely to arise at trial.

ii. *Preliminary Statement of the Case*: Counsel shall confer and agree upon a concise written statement describing the case in an impartial, easily understood manner to file with the Court to be read to the jury panel prior to *voir dire*.

iii. *Jury Materials*: Counsel shall meet and confer and attempt to jointly file a complete set of proposed written *voir dire* questions, jury instructions, a jury questionnaire, if warranted, and a special verdict form. Counsel shall separately file any disputed proposed Jury Materials, supported by legal authority. A full set of agreed-upon and disputed proposed Jury Materials in Word format and modified to conform to the facts of the case shall also be emailed to gleasonproposedorders@akd.uscourts.gov. Differences in proposed Jury Materials will be resolved at the Final Pretrial/Jury Instruction Conference.

iv. *Exhibits*: All trial exhibits a party expects to introduce into evidence must be provided to opposing counsel as ordered herein. Parties should also provide a Table of Contents that identifies the exhibits and provides a brief description of each

Case No. 3:23-cr-00043-SLG-KFR, *USA v. Moore*
Amended Pretrial and Trial Scheduling Order
Page 4 of 7
Case 3:23-cr-00043-SLG-KFR   Document 33   Filed 10/11/23   Page 4 of 7

item. A copy of all exhibits (or photographs or placeholders for physical evidence) shall also be provided at that time to the Court. Exhibits shall be marked in a way that identifies the party introducing the exhibit. For multiple page exhibits, the first page shall be marked as "-1," with each subsequent page identified sequentially (i.e., "-2," "-3," etc.). Exhibits offered in multiple defendant cases shall identify the particular defendant offering the exhibits. Examples are as follows:

"Govt. 1" (a single page or single item Exhibit 1)

"Def. 3-1" (page one of a multiple page Exhibit 3)

"Def. Jones 1-5" (page 5 of Defendant Jones' Exhibit 1)

Counsel are expected to use the Court's Digital Evidence Presentation System (DEPS). Counsel should be familiar with how the system works and shall make arrangements with the Clerk's Office no less than one week prior to trial to test any digital equipment.

v. *Sensitive Exhibits*: Sensitive Exhibits include drugs, cash, firearms or other weapons, or any other similar types of items that may be considered contraband, excluding child sexual abuse material (CSAM). *See* Local Criminal Rule 23.1.

Case No. 3:23-cr-00043-SLG-KFR, *USA v. Moore*
Amended Pretrial and Trial Scheduling Order
Page 5 of 7
Case 3:23-cr-00043-SLG-KFR   Document 33   Filed 10/11/23   Page 5 of 7

      vi. *CSAM Exhibits*: A party introducing CSAM material into evidence must notify the Court in its trial brief that such material will be offered. The party must also notify the Court prior to introducing each such item into evidence. Unredacted copies of such materials shall not be exchanged with trial exhibits and must be maintained by the party offering the evidence in accordance with federal law. The Court strongly encourages the parties to agree to reasonable limitations on the display of CSAM limitations (as well as non-CSMA material that may depict graphic information) and will generally order that such materials not be presented to the public or that they be presented to the public in a redacted version.

      vii. *Trial Stipulations*: Counsel shall meet and confer and agree upon any stipulations of fact or expected testimony. Stipulations shall be reduced to writing, signed by both counsel and defendant, and filed with the Court prior to their admission.

    d. <u>Plea Agreements</u>. Unless otherwise ordered, any notice of intent to change plea must be filed no less than one day prior to the scheduled Final Pretrial/Jury Instructions Conference. The notice of intent to change plea must indicate whether the plea will be pursuant to a written plea agreement or not (an "open plea"). *See* Local Criminal Rule 11.2. For changes of plea entered

Case No. 3:23-cr-00043-SLG-KFR, *USA v. Moore*
Amended Pretrial and Trial Scheduling Order
Page 6 of 7
Case 3:23-cr-00043-SLG-KFR   Document 33   Filed 10/11/23   Page 6 of 7

without a plea agreement, the parties are directed to file a Proposed Statement of Facts prior to the change of plea.

IT IS SO ORDERED.

DATED this 11th day of October 2023, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

Case No. 3:23-cr-00043-SLG-KFR, *USA v. Moore*
Amended Pretrial and Trial Scheduling Order
Page 7 of 7
Case 3:23-cr-00043-SLG-KFR   Document 33   Filed 10/11/23   Page 7 of 7